■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN R. FRIDELL, Respondent. — Appeal by the People from an order of the County Court, Nassau County, dated September 30, 1980, which granted, after a hearing, the defendant's motion to suppress evidence. Order reversed, on the law, motion to suppress denied, and case remitted to the County Court for further proceedings consistent herewith. In our view, the defendant's actions at the doorway of the complainant's home, coupled with his sudden departure when an alarm sounded, provided probable cause for his arrest for attempted burglary. (See *Peters v New York,* 392 US 40; cf. *People v Wachowicz,* 22 NY2d 369; *People v Borrero,* 26 NY2d 430.) Moreover, the fact that the officer who observed the defendant's conduct did not arrest him immediately, but instead kept him under continuous observation for 20 minutes thereafter, did not render the subsequent arrest unlawful. (See *Hoffa v United States,* 385 US 293.) Accord-

ingly, the defendant's motion to suppress the burglar's tools seized from him at the time of his arrest should have been denied. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.